**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
CHARLES D. AUSTIN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
MDD_CDAChambers@mdd.uscourts.gov

September 25, 2025

LETTER TO ALL COUNSEL OF RECORD

Re:   *Rachel C. v. Frank Bisignano, Commissioner, Social Security Administration*[1]
      Civil No. 24-2220-CDA

Dear Counsel:

On July 29, 2024, Plaintiff Rachel C. ("Plaintiff") petitioned the Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2025). I have considered the record in this case (ECF 11) and the parties' briefs (ECFs 14-15). I find that no hearing is necessary. *See* Loc. R. 105.6. The Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will AFFIRM the Commissioner's decision. This letter explains why.

I.     **PROCEDURAL BACKGROUND**

Plaintiff filed a Title XVI application for Supplemental Security Income ("SSI") benefits and a Title II application for Disability Insurance Benefits ("DIB") on October 12, 2020, alleging a disability onset date of June 22, 2019.[2] Tr. 236-54. Plaintiff's claims were denied initially and on reconsideration. *Id.* at 93-102, 150-58. An Administrative Law Judge ("ALJ") held a hearing on August 17, 2023. *Id.* at 36-54. Following the hearing, on January 4, 2024, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[3] during the relevant time frame. *Id.* at 15-35. On June 26, 2024, the Appeals Council denied Plaintiff's request for review, *id.* at 1-7, so the ALJ's decision constitutes the final, reviewable decision of the SSA, *Sims*

---

[1] Plaintiff filed this case against the Social Security Administration on July 29, 2024. ECF 1. Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Accordingly, Commissioner Bisignano has been substituted as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

[2] Plaintiff amended the disability onset date to February 18, 2022. Tr. 274.

[3] 42 U.S.C. §§ 301 et seq.

*v. Apfel*, 530 U.S. 103, 106-07 (2000); *see also* 20 C.F.R. § 422.210(a).

## II.     THE ALJ'S DECISION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since February 18, 2022, the amended alleged onset date." Tr. 20. At step two, the ALJ found that Plaintiff suffered from the severe impairment of bipolar disorder. *Id.* at 21. The ALJ also determined that Plaintiff suffered from the non-severe impairment of obesity. *Id.* At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." *Id.* Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform a full range of work at all exertional levels but with the following nonexertional limitations: Understand, Remember, and Carry Out Instructions: is able to perform simple, routine tasks; Use of Judgment: is able to perform simple work-related decisions; Interaction: is able to interact with supervisors, coworkers, and the public occasionally; Dealing with Changes in Work Setting: is able to tolerate occasional changes in a routine work setting.

*Id.* at 23 (cleaned up). The ALJ determined that Plaintiff "is unable to perform any past relevant work" as a Nursery School Attendant (DOT[4] #359-677.018) but can perform other jobs that exist in significant numbers in the national economy. *Id.* at 28. Thus, the ALJ concluded that Plaintiff was not disabled between February 18, 2022 and the decision date, January 4, 2024. *Id.* at 29.

---

[4] The "DOT" is the Dictionary of Occupational Titles. "The *Dictionary of Occupational Titles*, and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* . . . , are [SSA] resources that list occupations existing in the economy and explain some of the physical and mental requirements of those occupations. U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)." *Pearson v. Colvin*, 810 F.3d 204, 211 n.1 (4th Cir. 2015).

*Rachel C. v. Bisignano*
Civil No. 24-2220-CDA
September 25, 2025
Page 3

### III. LEGAL STANDARD

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla . . . [and] somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

When reviewing a *pro se* Social Security appeal, the Court must "(1) examin[e] whether the SSA's decision generally comports with regulations, (2) review[] the ALJ's critical findings for compliance with the law, and (3) determin[e] from the evidentiary record whether substantial evidence supports the ALJ's findings." *Young R. v. Comm'r, Soc. Sec. Admin.*, No. 18-2980-SAG, 2019 WL 2078637, at *1 (D. Md. May 10, 2019) (quoting *Elam v. Barnhart*, 386 F. Supp. 2d 746, 753 (E.D. Tex. 2005)).

### IV. ANALYSIS

Plaintiff requests that the Court reverse the ALJ's decision because she is "entitled to Social Security benefits due to [her] illness, history, and trauma." ECF 14, at 3. Plaintiff describes the "emotional trauma [she] went through as a child[,]" including "taking Zoloft for anxiety" and being abused by her grandmother and boyfriend. *Id.* at 1-2. Plaintiff claims that her depression and anxiety worsened over time as her boyfriend constantly physically and verbally abused her. *Id.* She further attributes her mental illness to her father allegedly groping her in 2021. *Id.* at 3. Defendant counters that substantial evidence supports the ALJ's decision and that the ALJ applied the correct legal standards. ECF 15, at 6-18.

After careful review of the ALJ's opinion and the record, the Court finds that the ALJ's decision applied the correct legal standards, and the conclusions are supported by substantial evidence. The ALJ considered Plaintiff's allegations, properly evaluated Plaintiff's medical records, and proceeded in accordance with the applicable law. *See* 20 C.F.R. §§ 404.1520, 416.920 (describing the SSA's five-step sequential evaluation for determining disability). At step one, the ALJ found in Plaintiff's favor, determining that Plaintiff had not engaged in substantial gainful activity since the alleged onset of disability. Tr. 20; *see* 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

At step two, the ALJ considered the severity of each of the impairments that Plaintiff claimed prevented her from working, finding Plaintiff's bipolar disorder to be severe because the

impairment "has more than a minimal impact upon the ability to perform basic work activities" and finding Plaintiff's obesity to be non-severe because the impairment did not cause more than minimal limitation in Plaintiff's ability to perform physical or basic mental work-related activities. Tr. 21; *see* 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

At step three, the ALJ determined that Plaintiff's physical and mental impairments did not meet or medically equal the criteria of any listings. Tr. 21; *see* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). To meet the requirements of a listed impairment, a claimant must meet all of the elements of the listed impairment. *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990); *Hays v. Sullivan*, 907 F.2d 1453, 1456-58 (4th Cir. 1990). The ALJ determined that Plaintiff's mental impairment could not satisfy all the elements for Listing 12.04 (depressive, bipolar and related disorders) concluding that Plaintiff's "mental impairment does not cause at least two 'marked' limitations or one 'extreme' limitation[.]" Tr. 23. The ALJ also considered Plaintiff's mental impairment under the "paragraph B" criteria, and determined that Plaintiff had moderate limitations in interacting with others and adapting or managing oneself. *Id.* at 21-22. In the areas of understanding, remembering, or applying information and concentrating, persisting, or maintaining pace, the ALJ determined Plaintiff had mild limitations. *Id.* at 22.

Next, the ALJ evaluated Plaintiff's RFC by assessing the extent to which her impairments limited her ability to work. *See* 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). A claimant's RFC is "the most [they] can still do despite [their] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a). In assessing RFC, an ALJ must "consider all of the claimant's 'physical and mental impairments, severe and otherwise, and determine, on a function-by-function basis, how they affect [the claimant's] ability to work.'" *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) (quoting *Monroe v. Colvin*, 826 F.3d 176, 188 (4th Cir. 2016) (alteration in original)). An RFC assessment must include an evaluation of a claimant's ability to perform the physical functions listed in 20 C.F.R. §§ 404.1545(b) and 416.945(b), including "sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions" that "may reduce [a claimant's] ability to do . . . work." 20 C.F.R. §§ 404.1545(b), 416.945(b); *see* Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *5 (S.S.A. July 2, 1996).

Only after such an analysis may an ALJ express RFC in terms of the exertional level of work of which the ALJ believes the claimant to be capable. *See Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 387 (4th Cir. 2021); *see also Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (rejecting a *per se* rule requiring remand when the ALJ does not perform an explicit function-by-function analysis "is inappropriate given that remand would prove futile in cases where the ALJ does not discuss functions that are 'irrelevant or uncontested'") (quoting *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013) (per curiam)). "The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence[.]" SSR 96-8p, 1996 WL 374184, at *7. Thus, an ALJ must identify evidence that supports their conclusions and "build an accurate and logical bridge from that evidence to [their] conclusions." *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018) (citation omitted).

*Rachel C. v. Bisignano*
Civil No. 24-2220-CDA
September 25, 2025
Page 5

The ALJ described the RFC while engaging in a narrative discussion of Plaintiff's medical evidence and cited to specific evidence in the record. Tr. 23-28. The ALJ offered a logical explanation of how this evidence, along with Plaintiff's testimony, and the opinions of medical professionals, led to the conclusion that Plaintiff can perform a full range of work at all exertional levels. *See id.* The ALJ considered Plaintiff's daily activities and explained how these activities do not support the level of debilitation alleged. *See id.* at 24-26. Despite Plaintiff's hearing testimony, the objective medical evidence examined by the ALJ supported their conclusion that Plaintiff's statements "concerning the intensity, persistence and limiting effects of [her] symptoms are not entirely consistent with the medical evidence and other evidence in the record[.]" *Id.* at 24. The Fourth Circuit has held that "[a]lthough a claimant's allegations about her pain may not be discredited solely because they are not substantiated by objective evidence of the pain itself or its severity, they need not be accepted to the extent they are inconsistent with the available evidence, including objective evidence of the underlying impairment, and the extent to which that impairment can reasonably be expected to cause the pain the claimant alleges she suffers[.]" *Craig*, 76 F.3d at 595. The record reflects the ALJ's consideration of statements alongside the objective evidence without treading into the inappropriate territory of discrediting subjective testimony only because no corroborating, objective evidence of pain exists.

The ALJ found the state agency psychiatry consultants' opinions, finding "no more than moderate mental health limitations," generally persuasive. Tr. 27. The ALJ found these opinions "supported with citations to the record" and "largely consistent with the evidence[,]" noting that the record "fails to support more than moderate mental health limitations." *Id.* The ALJ also found the state agency medical consultants' opinions—concluding that Plaintiff "had no severe physical limitations"—persuasive because the opinions were "well supported by, and consistent with, the results of the consultative examination and other evidence of record." *Id.* at 27-28. The ALJ's evaluation of these medical opinions comported with the requirements of 20 C.F.R. § 404.1520c.

At step four, the ALJ determined that Plaintiff was unable to perform past relevant work as a Nursery School Attendant (DOT #359-677.018). Tr. 28; *see* 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At step five, in accordance with the vocational expert's testimony, the ALJ determined that a person with Plaintiff's RFC could perform jobs that existed in significant numbers in the national economy, including cleaner, housekeeping (DOT #323-687.014), inserting-machine operator (DOT #208-685.018), and sorter, agricultural produce (DOT #529-687.186). Tr. 28-29; *see* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). Because the ALJ determined that there were jobs existing in significant numbers in the national economy that Plaintiff could perform, the ALJ appropriately concluded that Plaintiff was not disabled. Tr. 29; *see* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v) ("If [the claimant] can make an adjustment to other work, [the SSA] will find that [the claimant is] not disabled.").

Ultimately, the Court's review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal standards were applied. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig*, 76 F.3d at 589. Even if there is other evidence that may support Plaintiff's position, the Court "does not reweigh

*Rachel C. v. Bisignano*
Civil No. 24-2220-CDA
September 25, 2025
Page 6

evidence or make credibility determinations in evaluating whether a decision is supported by substantial evidence; '[w]here conflicting evidence allows reasonable minds to differ,' we defer to the Commissioner's decision." *Fiske v. Astrue*, 476 F. App'x 526, 527 (4th Cir. 2012) (quoting *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam)); *see also Drumgold*, 144 F.4th at 605.  In considering the entire record, and given the evidence outlined above, the Court finds that the ALJ supported the decision with substantial evidence and applied the correct legal standards.

## V.    CONCLUSION

For the reasons set forth herein, pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is AFFIRMED.  The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

                                        Sincerely,

                                        /s/

                                        Charles D. Austin
                                        United States Magistrate Judge